IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAWN PACE,[1] | § | |
| | § | |
| Respondent Below-Appellant, | § | No. 598, 2016 |
| | § | |
| v. | § | Court Below—Family Court |
| | § | of the State of Delaware |
| DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH AND THEIR FAMILIES, | § | File Nos. CN13-06414 and 16-09-10TN |
| | § | Petition Nos. 15-17758 and 16-28103 |
| Petitioner Below-Appellee. | § | |
| | § | |

Submitted: May 9, 2017
Decided: June 12, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices

## **O R D E R**

This 12th day of June 2017, upon consideration of the appellant's brief filed under Supreme Court Rule 26.1(c), his attorney's motion to withdraw, and the appellee's response and motion to affirm, it appears to the Court that:

(1) By order dated November 23, 2016, the Family Court terminated the parental rights of the appellant, Shawn Pace ("Father"), with respect to his then four-year-old son ("the Child"). This is Father's appeal from the termination of his parental rights.

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2)     Father's appointed counsel on appeal has filed an opening brief and a motion to withdraw under Supreme Court Rule 26.1(c).  Counsel asserts that she has reviewed the record and has determined that no arguable claim for appeal exists.  By letter, Father's counsel informed him of the provisions of Rule 26.1(c) and provided him with a copy of the motion to withdraw and accompanying brief.  Father did not respond with any points for the Court's consideration on appeal.  The appellee, the Department of Services for Children, Youth and their Families for the State of Delaware ("the State"), has filed a response to counsel's Rule 26.1 brief and has moved to affirm the Family Court's judgment.

(3)     The Child was born on June 24, 2012.   The State filed a dependency/neglect petition in June 2015.  At the preliminary protective hearing, at which both parents appeared, the Family Court found probable cause to believe that the Child was dependent because both of his parents were incarcerated.[2]  At Father's adjudicatory hearing on July 10, 2015, Father stipulated that the Child continued to be dependent.  At a dispositional hearing on September 3, 2015, the State submitted a proposed reunification plan, which required Father to complete a substance abuse program, identify a support network to help him care for the Child, complete a mental health evaluation and follow any treatment recommendations, find

---

[2] The Child's mother is not a party to this appeal.

employment or other means of income, and work with a parent aide and complete a parenting class.

(4) The Family Court held review hearings in December 2015 and March 2016. In May 2016, the State filed a motion to change the goal from reunification to TPR/adoption. At the permanency hearing held on May 26, 2016, the Family Court found that the State had made reasonable efforts at reunification and granted the State's motion to change the goal. The State filed its TPR petition on September 13, 2016.

(5) The TPR hearing was held on October 25, 2016. Both parents appeared with their counsel. The Family Court heard testimony from multiple witnesses. The evidence as to Father established that Father had not made significant progress toward any of the elements of his case plan. He had not completed drug treatment, completed a mental health evaluation, found a job or a support network, and had not completed a parenting course. He had spent most of the preceding year and a half incarcerated and, at the time of the hearing, was in prison awaiting resolution of a charge of Burglary in the Second Degree. Father had not seen the Child in nearly two-and-a-half years. At the conclusion of the hearing, the Family Court found clear and convincing evidence that Father had failed to plan for the Child,[3] that the State

_____

[3] 13 *Del. C.* § 1103(a)(5)(b).

3

had made reasonable efforts at reunification, and that termination of Father's parental rights was in the Child's best interest.[4]

(6)    On appellate review of a termination of parental rights, this Court is required to consider the facts and the law as well as the inferences and deductions made by the Family Court.[5] We review legal rulings *de novo*.[6] We conduct a limited review of the factual findings of the trial court to assure that they are sufficiently supported by the record and are not clearly wrong.[7] If the trial judge has correctly applied the law, our review is limited to abuse of discretion.[8]

(7)    The statutory procedure for terminating parental rights requires two separate inquires.[9] First, the court must determine whether the evidence presented meets one of the statutory grounds for termination.[10] Second, the court must determine whether termination of parental rights is in the best interest of the child.[11] When the statutory basis for termination of parental rights is failure to plan adequately for the child's physical, mental, or emotional needs,[12] there must be proof

---

[4] *Id.* § 1103(a).

[5] *Scott v. DSCYF*, 2012 WL 605700 (Feb. 27, 2012) (citing *Wilson v. Div. of Fam. Services*, 988 A.2d 435, 439-40 (Del. 2010)).

[6] *Wilson v. Div. of Fam. Services*, 988 A.2d 435, 440 (Del. 2010).

[7] *Id.*

[8] *Powell v. DSCYF*, 963 A.2d 724, 731 (Del. 2008).

[9] *Shepherd v. Clemens*, 752 A.2d 533, 536-37 (Del. 2000).

[10] *Id.* at 537. *See also* 13 *Del. C.* § 1103(a)(1-8) (listing the grounds for termination of parental rights).

[11] 13 *Del. C.* § 722(a)(1)-(8) (listing factors to be considered when determining the best interest of the child).

[12] *Id.* § 1103(a)(5).

of a least one additional statutory factor[13] and proof that the State made *bona fide* reasonable efforts to reunify the family and preserve the family unit.[14] All of these requirements must be established by clear and convincing evidence.[15]

(8) In this case, the Family Court found clear and convincing evidence that the Father's parental rights should be terminated on the statutory basis of failure to plan. This Court has carefully reviewed the record. We conclude there is ample evidence to support the Family Court's termination of Father's parental rights. We find no abuse of discretion in the Family Court's factual findings, and no error in its application of the law to the facts.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED on the basis of the Family Court's well-reasoned decision. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[13] *Id.* § 1103(a)(5)a (listing additional factors).
[14] *In re Hanks*, 553 A.2d 1171, 1179 (Del. 1989).
[15] *Powell v. DSCYF*, 963 A.2d 724, 731 (Del. 2008).

5